## MUNN v. BOWERS, Collector of Internal Revenue.*

### No. 85.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1931.

L. HAND, Circuit Judge, dissenting.

*Certiorari denied 51 S. Ct. 492, 75 L. Ed. ——.

Robert E. Manley, Acting U. S. Atty., of New York City (Frank W. Ford, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Jackson, Fuller, Nash & Brophy, of New York City (John G. Jackson and Raymond M. Tierney, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellee was elected a member of a golf club, Deepdale Club, a voluntary association. Its constitution and by-laws required, in order to qualify a member, that such member be the owner of one share of class A and one share of class B stock of the Deepdale Golf Club, Inc. But ownership of such shares alone did not entitle the owner to membership in the club; it was necessary that he be elected in pursuance of article X of its by-laws. Appellee purchased from a retiring member of the Deepdale Club the required shares of stock for $4,500, which he paid to the retiring member. A tax of $450 was assessed and paid to the club as an agent of the collector. This tax of 10 per cent. of the purchase price of the stock was levied pursuant to section 501 of the Revenue Act of 1926 (44 Stat. [part 2] 9), as amended by section 413 (a) of the Revenue Act of 1928 (45 Stat. 791 [26 USCA § 872]). A claim for a refund was rejected, and suit was brought. On motion made for judgment on the pleadings, it was held that the tax could be recovered.

Section 413 (a) of the Revenue Act of 1928, referring to club dues tax, imposes such tax upon persons paying dues or initiation fees, and provides:

"As used in this section * * * the term 'initiation fees', includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned."

Under the 1928 amendment, it is clear that the purchase of stock by the appellee from the Deepdale Golf Club, Inc., would require the payment of a tax. But the argu-

ment is that because the purchase was from a retiring member, the stock of the land-owning corporation was not a payment to the Deepdale Club and therefore not taxable. The Deepdale Golf Club, Inc., is a third party as between the ·appellee, a new member, and the Deepdale Club, an association. The 1928 amendment provides for the payment of dues to such a club or organization, and the language is identical with the phrase appearing in section 701 of the Revenue Act of 1917 (40 Stat. 300), section 801 of the Revenue Act of 1918 (40 Stat. 1057), section 801 of the Revenue Act of 1921 (42 Stat. 227), section 501 of the Revenue Act of 1924 (43 Stat. 253 [26 USCA § 872 note]), and section 501 of the Revenue Act of 1926 (44 Stat. [pt. 2] 9 [26 USCA § 872 note]). But in the 1928 amendment Congress added the term "initiation fees." This we think broad enough to cover the case at bar. ·And the act should be so construed as to extend to initiation fees, since it does not defeat or destroy that which formerly was taxable. Bernier v. Bernier, 147 U. S. 242, 246, 13 S. Ct. 244, 37 L. Ed. 152; Blair v. Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801. The payment made by the appellee to the retiring member for the stock was a condition precedent to membership in the Deepdale Club. The payment was for the shares of stock to a "person." Under the 1928 amendment, it must be regarded as an initiation fee. The phrase, "irrespective of the person or organization to whom paid, contributed, or loaned," was intended to cover such a transaction and to tax all payments required to be made as a condition precedent to membership. The Commissioner in his regulations under the 1928 amendment (Regulation 43, art. 41) has substantially so ruled. This departmental construction of the statute should be given weight. Logan v. Davis, 233 U. S. 613, 34 S. Ct. 685, 58 L. Ed. 1121; U. S. v. Cerecedo Hermanos y Compania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821; Bellefield Co. v. Heiner, 25 F. (2d) 560 (C. C. A. 3).

It is argued that the taxing statute does not reach the amount paid for these shares of stock, since the requirement of ownership of shares in the by-laws is not the same as a "payment, contribution, or loan," as used in the statute. But the appellee purchased the stock in order to meet the requirements of the by-laws, paying the face value to acquire ownership. There was no other initiation fee required, other than the ownership of the stock. It was that payment Congress intended to tax.

It is argued that this construction of the act imposes a direct tax upon the personal estate by reason of general ownership thereof, and that it is unconstitutional because it is not apportioned. U. S. Constitution, art. 1, § 2, cl. 3, and art. 1, § 9, cl. 4. It is an excise tax which must be uniform. Uniformity is not intrinsic, but geographic. Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596; Bromley v. McCaughn, 280 U. S. 124, 50 S. Ct. 46, 74 L. Ed. 226.

The tax imposed by this statute is an excise on ·the privilege of joining a club of a designated character; the measure being 10 per cent. of the amount paid as initiation fees. To impose the tax, the member must exercise the privilege of joining the club. The tax falls upon him for such privilege, and he may escape it by not joining. The tax is incapable of apportionment. The obligation to pay an excise tax is usually based upon the voluntary action of the person taxed either for enjoying the privilege or engaging in the occupation which is the subject of· the excise, and the element of absolute and unavoidable demand as in the case of property tax is lacking. Hylton v. U. S., 3 Dall. 171, 1 L. Ed. 556; Bromley v. McCaughn, supra. The taxing statute is constitutional.

Decree reversed.

L. HAND, Circuit Judge (dissenting).

If the club had refused to elect Munn, he would still have owned his shares; they gave him a proprietary interest in the club, regardless of membership. Had he got them by gift or bequest, he would have been equally eligible. The charter of the club did not make his payment to the owner of the shares the "condition precedent" to his membership; it made his ownership, however acquired, the condition, and that is not the test prescribed. The statute was apparently intended to reach those cases where an "initiation fee" was disguised by issuing documents of ownership which the member forfeited when he resigned or was expelled. In such cases an incoming member must pay his own initiation fee, which goes to the common coffer. But I fail to see how a payment to another can be said to be in any sense an "initiation fee," and this is all that the section defines. Nor am I satisfied that Congress would have wished to tax such members.

The phrase, "irrespective of the person or organization to whom paid," does indeed lend color to what otherwise would in my opinion be a clear case. However, it can be read as

comprising those cases in which the club's property is held by a trustee or holding company, legally separate from the club proper. We are dealing with a taxing statute where nothing is to be taken by intendment. Crooks v. Harrelson, 51 S. Ct. 49, 75 L. Ed. ——, Nov. 24, 1930. I cannot think that the concluding phrase is so unequivocal as to meet the doubts raised by the section as a whole, and it seems to me that the District Court was right.