KNOLLWOOD CLUB v. UNITED STATES.

No. L-303.

Court of Claims.
April 6, 1931.

Clarence N. Goodwin, of Chicago, Ill., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Ralph C. Williamson, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

The defendant demurs to plaintiff's petition. The suit is one for the recovery of taxes alleged to have been illegally assessed and collected by the Commissioner of Internal Revenue. The facts are as follows:

The plaintiff, an Illinois corporation, was incorporated for the purpose of maintaining a country club. It is a nonprofitable organization and owns and possesses all the facilities essential for its purposes. The membership of the club is limited to 300 members and eligibility is dependent upon the individual ownership of certificates of membership, which it is alleged endow the owner with a beneficial interest in the property of the club. Admission into the club is in some cases brought about by a purchase and in other cases by a gift of a certificate of membership, but prior to becoming a member it is absolutely essential that title to a certificate of membership become vested in the applicant for membership, and upon the transfer of such a certificate from one person to another the transferee becomes a member of the club without the payment of any amount other than the purchase price of the certificate to the transferor. From June 28, 1928, to November 19, 1929, twenty-five such certificates were sold at the uniform price of $2,500 each to twenty-five persons, who thereby became members of the club, the plaintiff alleging that the club itself was not concerned about the price for which the same were sold.

The Commissioner of Internal Revenue, acting under section 413 of the Revenue Act of 1928, levied and collected from the plaintiff a tax equivalent to 10 per centum of the amount paid by the transferee for said certificates, a total of $6,250, and it is for the refund of this amount the suit is brought. A refund claim was seasonably filed, and no jurisdictional issue is involved. Section 413 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 864 (26 USCA § 872, and § 872 note) provides as follows:

"Sec. 413.   Club dues tax.

"(a) Section 501 of the Revenue Act of 1926 is amended to read as follows:

"'Sec. 501.   (a) There shall be levied, assessed, collected, and paid a tax equivalent to 10 per centum of any amount paid—

"'(1) As dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $25 per year; or

"'(2) As initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $25 per year.

"'(b) Such taxes shall be paid by the person paying such dues or fees.

"'(c) There shall be exempted from the provisions of this section all amounts paid as dues or fees to a fraternal society, order, or association, operating under the lodge system, or to any local fraternal organization among the students of a college or university. In the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member for dues or membership fees other than assessments, but shall pay no tax upon the amount paid for life membership.

"'(d) As used in this section, the term "dues" includes any assessment irrespective of the purpose for which made; and the term "initiation fees" includes any payment, contribution, or loan required as a condition pre-

cedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned.'

"(b) Subsection (a) of this section shall take effect on the expiration of thirty days after the enactment of this Act."

The plaintiff contends that, inasmuch as the purchase price for transferred certificates of membership was paid to the vendee and not the club, the transaction may not be construed, under the applicable sections of the Revenue Act, as the payment of initiation fees. This, it seems to us, ignores the fact that the adopted course of procedure to gain admission into the club exacted as an original proposition the payment into the club of the full issue price of certificates of membership. True, the club recognized the right of transfer, but the transferee did no more, in so far as facts alleged in the petition are involved, than substitute himself in the place of the previous owner, and while the club neither gained nor lost by the transaction, in so far as funds were concerned, the vendee did gain admission into a limited and exclusive club, for which he paid in this case the sum of $2,500. It is not contended that he might have been admitted under any other conditions. Clearly the acquisition of the above certificates was for no other purpose than a prerequisite to membership in the club.

The applicable regulations of the commissioner are regulations 43, article 41, as amended by Treasury Decision 4290, April 28, 1930, and provide as follows:

Article 41. Initiation fees. Any amount paid as initiation fees to a club or organization coming within the provisions of section 413 of the Revenue Act of 1928 is subject to the 10 per cent. tax imposed thereunder (a) if such fees amount to more than $10, or (b) if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $25 per year.

"Under the act the term 'initiation fees' includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share

of stock, and irrespective of the person or organization to whom paid, contributed, or loaned. It is not material whether the applicant has any hope or expectation of a return of his payment upon resignation, death, or other circumstances, nor is it material to whom he pays the money. For instance, if a golf club requires incoming members as a condition precedent to membership to purchase either from it or from retiring members a share of stock, the tax attaches to any such payment for the stock after June 28, 1928, regardless of the fact that it represents a property interest in the assets of the club. Likewise, if the purchase of a share of stock in a landholding corporation is a necessary precedent to membership in the club, the amount paid for such share of stock is taxable. In the case of a transfer of stock from a retiring member the club should collect the tax on the amount paid by the new member for the stock as well as tax on any transfer fee required from the new member.

"If the 'initiation fees' amount to more than $10, the tax attaches regardless of the amount of dues or membership fees paid by an active resident annual member. On the other hand, if the initiation fees amount to less than $10, the tax does not apply unless the dues or membership fees, exclusive of initiation fees, of an active resident annual member are in excess of $25 per year. If such dues or membership fees are in excess of $25 per year, any amount paid as an initiation fee is taxable whether the payment is more than $10 or less.

"Where the application of the tax to initiation fees depends upon the amount paid as dues or membership fees by an active resident annual member all assessments are to be included in ascertaining whether such dues or membership fees are in excess of $25 per year."

The Circuit Court of Appeals for the Second Circuit in the case of Munn v. Bowers, Collector, 47 F.(2d) 204, decided January 5, 1931, Prentice-Hall 1931, vol. 1, § 402, p. 561, had before it this precise issue, and decided adversely to plaintiff's contention. The opinion discusses all the points raised by the plaintiff in the present case. We think the Court of Appeals was right.

The demurrer will be sustained and the petition dismissed.