## WILD WING LODGE v. BLACKLIDGE.
### No. 38398.

District Court, N. D. Illinois, E. D.
Jan. 25, 1932.

Whitman, Miller & Coon and Tenney, Harding, Sherman & Rogers, all of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Dist. Atty., and John P. Barnes, Sp. Atty., Bureau of Internal Revenue, both of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This suit was instituted to recover taxes alleged to have been illegally assessed and collected by the collector of internal revenue.

The plaintiff is an Illinois corporation organized not for pecuniary profit to carry on a hunting club. It owns 824 acres of land situated upon and near the Sangamon river in Mason county, Ill., which is used as a hunting preserve. Plaintiff's membership is limited to seventeen members. From time to time after its organization, certificates of membership were issued by plaintiff to persons purchasing the same from the plaintiff until the limit of seventeen was reached. From time to time thereafter membership certificates have been transferred. Each membership certificate represents an undivided one-seventeenth interest in all of plaintiff's properties, which the evidence shows to be worth about $135,000. Upon the death of a member intestate, the membership certificate descends in accordance with the intestate laws of Illinois, and upon the death of a member testate it is transferable in accordance with the will of the testator.

Article X of the by-laws reads as follows: "*Transfers of Membership.* Any person wishing to transfer his membership shall first tender the same to the Club, and should the Club decline to purchase, he may transfer the same to any person who shall be elected to membership, as provided in Article XI of these By-Laws, and such person shall thereupon, on paying into the Treasury the sum of One Hundred Dollars, be entitled to all the privileges of the Club. But in cases where the transferee so elected to membership is the father or son of the transferer no transfer fee shall be paid."

Since September 10, 1924, no membership has been purchased by the club from any outgoing member, and no memberships have since that time been sold by the club to a new member. In every case of a transfer of a membership since September 10, 1924, the member deciding to sell his membership, or, where he was deceased, his estate, has arranged directly with the prospective member for a sale of the membership. Thereafter the application of the prospective member has been acted upon as required by the by-laws. The club has nothing whatever to do with fixing the price of member-

ships as between the certificate holder and the prospective member. Since May, 29, 1928, the effective date of the Revenue Act of 1928 (26 USCA. § 2001 et seq.), three memberships have been sold by certificate holders to new members, one for $5,900, one for $6,500 and one for $6,000, for which the club paid as taxes on initiation fees the respective amounts of $590, $650, and $600. In each of the sales, the membership certificate was purchased direct from the old member or his estate, and no part of the purchase price inured to the benefit of the plaintiff, and no part thereof passed into the treasury of the plaintiff. The tax as demanded was paid, a credit for refund was filed and rejected, whereupon this suit was brought.

It is claimed that the collector of internal revenue erroneously, illegally, and without authority of law assessed and collected from the plaintiff $1,840 as a tax on dues and initiation fees claimed to be due under section 413 of the Revenue Act of 1928 (45 Stat. 864, 26 USCA § 872).

Section 413, so far as material, reads as follows:

"(a) Section 501 of the Revenue Act of 1926 is amended to read as follows:

"Sec. 501: '(a) There shall be levied, assessed, collected, and paid a tax equivalent to 10 per centum of any amount paid—

" '(1) As dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $25 per year; or

" '(2) As initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $25 per year. * * *

" '(d) As used in this section, the term "dues" includes any assessment irrespective of the purpose for which made; and the term "initiation fees," includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned.' "

Since the passage of the Revenue Act of 1928, two cases involving its application to the taxation of initiation fees under facts and circumstances almost identical with the facts and circumstances in evidence in this case have been determined by the courts. In both cases the decision has been adverse to the taxpayer. In both cases all of the contentions made by the plaintiff in this case were discussed. I must content myself with a citation of the two cases, and feel constrained to follow them. The cases referred to are Munn v. Bowers, 47 F.(2d) 204, decided by the Circuit Court of Appeals for the Second Circuit January 5, 1931, certiorari denied by the Supreme Court, 283 U. S. 845, 51 S. Ct. 492, 75 L. Ed. 1454, and Knollwood Club v. U. S., 48 F.(2d) 971, decided by the Court of Claims April 6, 1931.

Accordingly the court finds the issues in favor of the defendant.