## WILD WING LODGE v. BLACKLIDGE, Collector of Internal Revenue.

### No. 4753.

Circuit Court of Appeals, Seventh Circuit.

June 14, 1932.

Roger Sherman, Henry F. Tenney, Henry G. Miller, and John H. McBride, all of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and John Potts Barnes, Gen. Counsel, Bureau of Internal Revenue, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant unsuccessfully brought suit against the collector of internal revenue to recover taxes alleged to have been unlawfully collected.

Appellant is an Illinois corporation, organized in 1914 to carry on a hunting club. It owns upwards of 800 acres of land in Mason county, Ill., used as a hunting preserve. Its membership is limited to seventeen. Its property at the time in question was worth about $135,000.

Article X of its by-laws provides: "*Transfers of Membership.* Any person wishing to transfer his membership shall first tender the same to the Club, and should the Club decline to purchase, he may transfer the same to any person who shall be elected to membership, as provided in Article XI of these By-Laws, and such person shall thereupon, on paying into the Treasury the sum of One Hundred Dollars, be entitled to all the privileges of the Club. But in cases where the transferee so elected to membership is the father or son of the transferer no transfer fee shall be paid."

During the tax year three memberships were sold, at approximately $6,000 each, to persons who were accepted as members, and who also paid $100 each to the club as a membership transfer fee. The price of the membership was in each case paid to the seller, or, if deceased, to his personal representatives, and no part of it was received by the club. On the assumption that the price paid was an initiation fee within the meaning of the statute, the statutory ten per cent. tax thereon was levied, and was paid by the club, which brought this suit for its refund.

Section 413(a) of the Revenue Act of 1928 (45 Stat. 864, 26 USCA § 872) so far as here material, is:

"(a) Section 501 of the Revenue Act of 1926 is amended to read as follows:

"Sec. 501. '(a) There shall be levied, assessed, collected, and paid a tax equivalent to 10 per centum of any amount paid—

"'(1) As dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $25 per year; or

"'(2) As initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $25 per year. * * *

"'(d) As used in this section, the term "dues" includes any assessment irrespective of the purpose for which made; and the term "initiation fees," includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned.'"

Appellant contends that the price paid represents a transaction wholly between the purchaser and the seller of the membership, wherein the club had no beneficial part or interest, and it is in no sense an initiation fee. It further contends that such a tax would in any event be void as a direct tax on property, not apportioned as required by the Federal Constitution, and therefore in contravention of it.

The tax is not levied upon the club, but upon the individual who acquires membership therein. If the club had exercised its privilege of purchasing the memberships and had then sold them to these members, having admitted them to membership, it is scarcely questioned that the amount paid, be it more or less than the price which the club paid therefor, would be taxable under the statute to the new member. The fact that the club did not exercise its prior right of purchase, but permitted the parties to make their own

bargains, does not, in our judgment, alter the situation. The tax is upon the person who becomes a member of the organization, and is measured by what he pays to acquire it.

This is not a purchase and a sale in the ordinary sense. The enjoyment of the club's privileges was as dependent upon the acquisition of the membership of a former member as it was upon the purchaser's election to membership in the club, and the payment of the transfer fee. All were equally necessary to invest the new member with the club privileges. The purchase of the membership was not an investment as commonly understood. It was but an incident to the main desideratum—membership in the club. One purchasing the interest of a member, even if failing of election to the club, acquired no such property right as would enable him to have his interest in the club property segregated and set apart to him so long as the club has existence. He might transfer the interest to another who might prove acceptable for membership; but, after all is said and done, it was membership in the club and the right to participation in its privileges that induced the purchase, and in our judgment this was just such a transaction as subsection (d) was designed to reach and subject to the ten per cent. tax.

The more recent adoption of (d), after it was found in practice that through various devices the tax was avoided, makes it plain to us that when Congress said "the term 'initiation fees,' includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned," it intended to cover such cases as this, where the acquirement of a member's interest is "a condition precedent to membership."

In two similar cases this has been distinctly so held. Munn v. Bowers, 47 F.(2d) 204 (C. C. A. 2), certiorari denied 283 U. S. 845, 51 S. Ct. 492, 75 L. Ed. 1454; Knollwood Club v. United States (Ct. Cl.) 48 F. (2d) 971. The contention of the unconstitutionality of the act is sufficiently discussed and answered in the Munn v. Bowers Case, and we need present no further discussion thereon.

The judgment is affirmed.