William F. BILLINGS
v.
Ellis CAMPBELL, Jr., District Director of Internal Revenue.
Civ. No. 8218.

United States District Court
N. D. Texas,
Dallas Division.
Nov. 2, 1960.

Durant & Hobby, by Wentworth T. Durant and Robert J. Hobby, Dallas, Tex., for plaintiff.

W. B. West, III, U. S. Atty., Fort Worth, Tex., and W. E. Smith, Asst. U. S. Atty., Dallas, Tex., for the Government.

DAVIDSON, District Judge.

This is an action by the plaintiff to recover $56 which is 20 per cent of $280 paid by the plaintiff as allegedly a voluntary contribution to the Brookhaven Country Club. He was assessed and paid such amount and brings this suit to recover the payment so made.

It appears that a like assessment has been made against the other members of the Brookhaven Country Club and this also affects directly or indirectly the membership of such club.

In organizing this club it was necessary for the members in associating themselves together to raise the necessary funds to acquire the property for the club and to make the improvements thereon. This was done by each person intending to be a member· or who was willing to do so, according to the testimony, "contributing" $280. At the time they were organized it was a less sum, but at the time that Mr. Billings paid his excise tax it was $280.· Although it was supposed to have been a voluntary contribution, all contributors who made contributions uniformly used the same figure; namely, $280.

This excise tax was due under and by reason of Sec. 4241(b) of the Internal Revenue Code, 26 U.S.C.A. § 4241(b).

The attorney for the plaintiff and the attorney for the Brookhaven Club insist that the contribution was a voluntary contribution and was no initiation fee or condition precedent to membership, that they became members on other grounds of paying dues of $14.80 a month. However, it appears that a vast majority of the members paid the $280 contribution in cash. Some members paid it in services like the attorney in the case who made his contribution by legal service. And then there were memberships given complimentary, such as might be given to the governor of a state.

The real issue to be determined in the matter is whether or not the payment of these contributions was a condition precedent to becoming members of the club. In other words, was the initiation fee supposedly due by every incoming member really a condition precedent to being a member and for some convenience or other reason called a contribution? It appears that these contributions were used and entered into the funds of the·treasurer of the club and were used in its enlargement and became assets and used for the purpose of purchasing their building.

We find from the evidence that these voluntary contributions performed every function of an initiation fee regularly charged and called as such and that designating it under a different title in no way lessens its importance or diminishes its value or function. To use an old vernacular, the rose smells just as sweet by some other name. This excise tax it appears is paid by other similar country clubs and organizations of that type, and calling it by a different name doesn't excuse the membership of paying the excise tax imposed by law.

Recovery by plaintiff will be denied for the reason above stated.