**In the Matter of RIVERLAKE COUNTRY CLUB, INC., Debtor.**
**Civ. A. No. 4673.**

United States District Court
N. D. Texas,
Dallas Division.
April 24, 1961.

Wm. W. Looney, Dallas, Tex., for debtor.

W. B. West, III, U. S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., for Government.

DAVIDSON, District Judge.

This matter is before us on certificate of review by the Referee.

The question presented does not involve any serious conflict in the testimony but arises from the correct deduction that may be drawn therefrom.

The country club was organized and something like a year after its organization it issued bonds or debentures which it sold to its members for $1,000.00 each. The membership fee had been and still remained at $400.00, but by practice and common consent the purchaser of a bond was not required to pay a membership fee. The bonds bore interest and members who had already paid their membership fees bought bonds.

The club admits liability under the law for the tax on the $400.00 valuation of each membership. The government insists that the purchaser of the bonds should pay the tax on the $1,000.00, whereas the member who did not buy a bond would only be due a tax on $400.00.

Manifestly that which took place was that the purchaser of a bond became exempt by reason of such bond of paying the membership or initiation fee. He was of course not exempt from paying such fee, but was it the $400.00 value as fixed by membership fees generally or was it the $1,000.00 that he paid for the bond?

We agree with the Referee that the membership fee was $400.00 and that the liability of the member, even though he purchased a bond, was on that sum of money if and when he received a membership certificate. We adopt and concur in the conclusion reached by the Referee.