**William R. SCOTT, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 14588.**

United States Court of Appeals
Sixth Circuit.

March 16, 1962.

John Murray, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Kenneth E. Levin, Attys., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., John A. Ayres, Jr., Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellant.

Dick L. Johnson, Elizabethton, Tenn., for appellee.

Before SIMONS, Senior Judge, and CECIL and WEICK, Circuit Judges.

## PER CURIAM.

The taxpayer, plaintiff below, brought suit to recover $54.30 plus interest paid by him as an excise tax on club dues for the years 1956, 1957 and 1958. The club organization is variously known as the Elizabethton Golf Club, the Elizabethton Municipal Golf Club and the Elizabethton Municipal Golf Course. Its history discloses that in 1936 individuals interested in golf purchased seventy acres of land by subscription and deeded it to the city of Elizabethton. A nine hole golf course was built thereon and a building on the land was remodeled as a club house and locker room. In 1951, an adjoining parcel of land was added and the course was expanded to eighteen holes. The cost of this land and the building of the additional nine holes was and is being satisfied out of moneys derived from the operation of the course.

Section 4241(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 4241(a) (1) imposes a tax and provides as follows:

"A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year."

The District Court concluded that the Elizabethton Golf Club was not a club or organization within this statute, that Congress did not intend to include organizations such as Elizabethton within the statutory language. The Court gave judgment for the refund and the government urges that its conclusions are erroneous. The Court rejects the meaning of the term "Club." No cases are cited as direct authority for this position and no legislative history of Section 4241 suggests that anything other than the plain meaning of the term "Club" was intended by Congress.

The method of operation is set forth in the statement of facts which the appellee accepts and both parties define the question here involved as follows: "Was the Elizabethton Golf Club a social, athletic, or sporting club or organization within the meaning of Section 4241(a) of the Internal Revenue Code of 1954 so that the annual dues or greens fees of $75.00 in 1956, $85.00 in 1957 and 1958 paid by the taxpayer are subject to the 20 per cent excise tax on dues or membership fees and required to be paid by the person paying such dues or fees or holding such life membership"?

Section 4242(a) of the Code, 26 U.S.C.A. § 4242(a) defines the word "dues" as including any assessment irrespective of the purpose for which made and any charges for social privileges or facilities or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days. Specifically, the government's contention is that the Elizabethton Golf Club is a social, athletic or sporting club or organization within the meaning of Section 4241(a) (1), that the annual dues or fees paid to it by the taxpayer are not exempt from the tax under any pro-

vision of the Code and that the District Court erred in holding that it is not a club or organization under Section 4241 (a) (1).

The government argues that the federal tax on admission is comparable to that on club dues. Both are excises on a privilege payable by the person who wishes to enjoy it. On the evidence produced the District Court overstated the extent of the city's control. The finding that the city maintains control of the golf course by having the eighth man on the Board of Directors is not supported by any evidence. It was stipulated that the gold course is operated by an eight-man Board of Directors, seven of whom are elected by the members who pay annual greens fees and live in Carter County and the eighth member being appointed by the city of Elizabethton. There is no evidence that this member of the board had any veto power over its actions. There is substantial evidence that the board acts by a majority vote. The city's financial supervision of the club is practically nonexistent. It did not audit the records, it neither contributed money or received money from the golf course, it did not hire, fire, or pay the salaries of any employees at the golf course. When an employee at the golf club was injured in 1956 and sued both the city and the golf club, both defendants denied that the golf club was an agency of the city and the city also denied any employment relationship with the club. The Chancery Court of Carter County rendered a judgment for the complainant as against the Elizabethton Golf Club but dismissed the cause as against the City on the ground that the plaintiff was not an employee of the City and in the course of its opinion, the Chancery Court said: "The Deputy Recorder testified that the golf club employees are not city employees. 'We have nothing to do with them or the golf club'; that in the thirteen years she has worked in the Recorder's office the City Commission has never employed anyone to work for the golf club to her knowledge." She further testified that the golf club is

not carried on the books as an asset of the city, that the city has not paid anything on the notes issued for money borrowed to pay for additional property for the club. The city does not appoint the Board of Directors of the golf club and the golf club makes no accounting to the city.

The proof in that case shows that the city of Elizabethton does not pay the wages of employees of the golf club. It exercises no control over its operation. The city does not elect or appoint the board which operates the golf club. The city receives no money from the golf club and does not require an accounting by it as to money received in its operation. The city did not employ complainant at the golf club and did not exercise any control over complainant's employment nor did the city in any manner undertake to supervise or control his duties. The proofs show that the complainant in the Chancery case, Lucas R. Russell, was employed by R. L. Starnes at the golf club and at no time was he on the payroll of the city. The proofs show that the golf club has its own bank account and payroll for employees working at the Club.

It is not the government's contention that the city of Elizabethton wholly lacked some element of residuary control over the Club. It is agreed that title to the property was in the City and the City signed the note as the purchaser of the land. The City Manager did not know what specific legal authority the City had over the Club, he relied primarily on the fact that the City had a man on the Board of Directors and that the City had title to the property. Its representative on the board had only one vote out of eight. As to the city's title to the real estate, it would have at most such power over the Club as any other landlord over his tenant and the landlord's ultimate weapon would be eviction. This points up the distinction noted by the Court of Appeals for the Second Circuit in Munn v. Bowers, 47 F.2d 204, certiorari denied, 283 U.S. 845, 51 S.Ct. 492, 75 L.Ed. 1454, that ownership of club property and

**144**

membership in the Club are not the same thing. The control exercised by a landlord is not a significant factor in determining whether dues payable to a Club operated on the premises are subject to a federal excise tax. It has been held that the dues payable to a tennis club operated on land owned by a municipal corporation were subject to the tax, even though the dues were used by the club to make improvements on the land which would revert to the corporation. S.T. 456, IV-1 Cum.Bull. 296. The taxpayer is subject to the 20 per cent excise tax imposed by Section 4241 of the 1954 Code.

The judgment of the District Court is reversed and the cause remanded to the District Court for the purpose of dismissing the claim for refund.