UNITED STATES of America, Appellant,

v.

RIVERLAKE COUNTRY CLUB, INC., Appellee.

No. 19167.

United States Court of Appeals Fifth Circuit.

Aug. 14, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Michael I. Smith, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Joseph McElroy, Jr., Asst. U. S. Atty., Fort Worth, Tex., Robert N. Anderson, Richard J. Heiman, Attys., Dept of Justice, Washington, D. C., for appelalnt.

W. R. Sessions, William W. Looney, Dallas, Tex., Sessions, Sessions, Ackels & Looney, Dallas, Tex., of counsel, for appellee.

Before HUTCHESON, RIVES, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

The United States makes claim here for excise taxes on what are alleged to be social club initiation fees. Appellee, Riverlake Country Club, Inc., filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on December 3, 1958.[1] The claim of the government, made in that proceeding, was disallowed in part by the Referee in Bankruptcy. This appeal followed affirmance by the District Court. In Matter of Riverlake

---

1. Title 11, U.S.C.A. § 701 et seq.

Country Club, Inc., Debtor, N.D.Tex., 1961, 203 F.Supp. 442.

The facts are not in dispute. Appellee is a non-profit Texas corporation organized in 1955. The need for funds to complete the club facilities became apparent within a year after organization and the need was met by the sale of debenture bonds, carrying six per cent interest, maturing in two years.

Beginning in 1956, the club issued and sold to 292 separate purchasers bonds on these terms in $1,000 denominations in the total amount of $303,000. Some of the purchasers were already members of the club while others were simply members of the general public. With the purchase of a debenture, if all the other requirements of membership were present, the purchaser received the added incentive of membership in the club without paying the regular initiation fee of $400 for resident or $50 for non-resident membership. This incentive was not a matter of contract nor was it reduced to writing. Some purchasers did not receive a membership at all as they were already members, or did not desire membership, making the purchases purely for investment. One investor purchased three debentures and received only two memberships. An additional feature of the incentive was that a purchaser could transfer the membership, apparently in the nature of an assignment at the time of the purchase, to one otherwise acceptable for membership, without the payment of the transfer fee required of members paying the usual initiation fee who thereafter assigned or transferred their memberships.

The upshot was that of the 292 purchasers, 279 exercised their privilege of becoming members of the club; 231 becoming resident members and 48 becoming non-resident members. It is in respect to these persons that the tax on the full amount of the debentures is claimed.[2]

Section 4241 of the Internal Revenue Code of 1954, Title 26 U.S.C.A. § 4241, imposes a twenty per cent excise tax on any amount paid as an initiation fee to clubs such as that of appellee. Section 4242, Title 26 U.S.C.A. § 4242, defines initiation fees to include loans.[3]

The claim of the tax on the full amount of the debentures is on the theory that their purchase was a condition precedent to membership within the meaning of the statute. The Referee held that the purchase of a bond, although a means of attaining membership, was not a prerequisite to membership in the club. He concluded that the statute was designed to eliminate subterfuges as a means of avoiding the tax and that the tax was intended to be applicable only to the price a member must pay as a prerequisite to membership, with it not being applicable to an additional loan made from economic or philanthropic motives. He put the tax on the value of the membership incentive, i. e., what the purchasers would have had to normally pay for a membership—$400 for resident and $50 for non-resident membership, and tax due on this basis was allowed as a claim.

In Vitter v. United States, 5 Cir., 1960, 279 F.2d 445 we held taxable any payment for membership "if the payment was actually essential to becoming eligible for membership in a club * * *." The debentures sought to be taxed here were not "actually essential" to eligibility for membership. They were at most an alternative or substitute for the regular membership payment with the of-

---

2. The club has assumed such tax liability as may be due. The government asserted no claims for sales to the purchasers who did not become members.

3. In pertinent part:
   "§ 4241. Imposition of Tax
   "(a) Rate.—There is hereby imposed—
       *      *      *      *      *
   "(2) Initiation fees.—A tax equivalent to 20 percent of any amount paid as initia-

tion fees to such a club or organization, if such fees amount to more than $10. * * *.

"§ 4242. Definitions
    *      *      *      *      *

"(b) Initiation fees.—As used in this part the term 'initiation fees' includes any payment, contribution, or loan, required as a condition precedent to membership * * *."

fer of membership being in the nature of an aid in selling the debentures needed to complete construction of the club after insufficient funds had been raised through regular membership fees. The regular membership fee, resident or non-resident, was the only condition precedent to membership.

In our view, where no contention of subterfuge is involved and there was not the slightest suggestion of it here, and it is clear that the debenture plan was a bona fide method of obtaining needed capital and not members,[4] and no separate category of membership was created in this fashion, the value of the membership given the purchaser of the bonds should be taxed to no greater extent than the value of a membership if the conventional method of joining was followed. And here that value is not disputed.

On the other hand, the government urges that the measure of the tax is what the purchaser gives up—not the value placed on the membership by the club. The fallacy in this contention is two-fold. First, the bond purchaser did not give up $1,000 for there was a binding legal obligation of repayment in two years with interest. The most he gave up under this theory was the use of the money for two years for which use he was to be compensated by way of interest payments.

Second, it was clear that the purchase price of the debentures was not a sum paid for the privilege of joining the club but an investment.

This case on its facts is distinguishable from United States v. McIntyre, 4 Cir., 1958, 253 F.2d 728 and Fisher v. McCrory, (D.Neb.), 1958, 163 F.Supp. 132, both of which applied the tax to the sole method of obtaining membership; and from Billings v. Campbell, (N.D.Tex.), 1960, 188 F.Supp. 261 applying the tax to a uniform assessment called a contribution and which was in lieu of an initiation or membership fee. Edgewood Country Club v. United States, (S.D.

West Va.), 1962, 204 F.Supp. 508, a case decided since the arguments in this case, has been carefully considered, not only because of the general excellence of the opinion therein but because it, to some extent at least, rejected the holding of the Referee and District Court here. That decision was undoubtedly correct, involving as it did a separate membership class which class paid dues in a lesser amount, upon the purchase of a minimum number of shares in a related corporation. The tax was due on the value of the requisite minimum number of shares to qualify in the class.

Here there was no separate class of membership, there was no suggestion of subterfuge, and the sale of the short-term debentures to the general public was for the predominant purpose of raising needed capital with the membership feature being only incidental thereto. Coupled with this was the further fact, of no small moment, that a substantial number of purchasers did not receive memberships. In addition, the extreme result sought by the government, i. e., a two-hundred dollar tax on a fifty dollar non-resident membership, is so unreasonable as not to be consistent with the plain meaning of the statute which, as we read it and its history, is to tax the full amount of that which is actually essential to and which has been given up for membership in a club, whether by payment, loan or otherwise.

Affirmed.

RIVES, Circuit Judge (dissenting).

Section 4241(a) (2) of the Internal Revenue Code of 1954 imposes "a tax equivalent to 20 percent of any amount paid as initiation fees * * *." Section 4241(b) directs that, "the taxes imposed by this section shall be paid by the person paying such dues or fees, or holding such life membership." Section 4242 (b) provides:

"(b) *Initiation fees.*—As used in this part the term 'initiation fees'

---

4. Members obtained through the sale of debentures comprised less than ten per cent of the total club membership.

includes any payment, contribution, or loan, *required as a condition precedent to membership*, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned." (Emphasis supplied.) 26 U.S.C.A. § 4242(b).

The case turns on the words just emphasized, "required as a condition precedent to membership." In a sense, neither payment of the $400.00 (or $50.00 in the case of a non-resident) as a nonreturnable initiation fee, nor the loan of the $1,000.00 was a condition precedent to membership in the club, for the prospective member might choose to follow the other alternative. However, one who chose to follow the course of obtaining membership in the club by means of loaning the club $1,000.00 could not acquire such membership without making such loan. As to one choosing that alternative, the loan was required as a condition precedent to membership and was an initiation fee within the purview of Section 4242(b).

The tax is "equivalent to 20 percent of *any amount paid* as initiation fees \* \* \*" Section 4241(a) (2). (Emphasis supplied.) That "includes *any payment*, contribution, *or loan* required as a condition precedent to membership \* \* \*" Section 4242(b). The reason for the enactment of the latter provision was explained in S.Rep.No. 960, 70th Cong., 1st sess., p. 34, as follows:

"The House bill amends the existing law to take care of a situation which has arisen from the prevalent use of the device of lowering the amount of club dues and collecting the required money by assessments instead as a means of evading the club-dues tax. There is a similar situation with respect to the tax on initiations which is being avoided by requiring the purchase of a share of stock or a bond instead of the direct payment of an initiation fee."

The tax on the privilege of joining the club, voluntarily exercised, is measured by the amount of the "loans" actually made by the prospect to become eligible for membership. The fact that the prospect could have chosen to pay a smaller nonreturnable fee is immaterial. If the result seems unfair, any unfairness is the result of a voluntary choice and not of the Government's making. The foregoing views find support in Vitter v. United States, 5 Cir., 1960, 279 F.2d 445; Munn v. Bowers, 2 Cir., 1931, 47 F.2d 204; Knollwood Club v. United States, Ct. of Claims, 1931, 48 F.2d 971; Wild Wing Lodge v. Blacklidge, 7 Cir., 1932, 59 F.2d 421; Sugden v. Shaffer, 2 Cir., 1938, 100 F.2d 457; and Edgewood Country Club v. United States, S.D.W.Va., 1962, 204 F.Supp. 508. I agree with Judge Watkins' opinion in the last cited case, that that decision cannot be soundly distinguished from the present case, and that the ruling of the referee and of the district court in this case are erroneous. (See 204 F.Supp. 516, 517.) I would reverse and therefore respectfully dissent.