James C. HULETTE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 14925.

United States Court of Appeals Sixth Circuit.

April 10, 1963.

William A. Young, Frankfort, Ky., for appellant.

William A. Geoghegan, Asst. Deputy Atty. Gen., Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Charles B. E. Freeman, Attorneys, Department of Justice, Washington, D. C., William E. Scent, U. S. Atty., Louisville, Ky., on the brief, for appellee.

Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

In 1946, plaintiff-appellant, James C. Hulette, paid $300.00 for one share of stock of the Frankfort Country Club of Frankfort, Kentucky. He had to do this to become a voting member of the Club. In 1949, by paying an additional $300.00, he exchanged the above share of stock for one share of Class A common stock of the Club, issued as a part of the recapitalization of the Club. This made him a Class A member of the Club. In 1960, the Commissioner of Internal Revenue assessed a 20% excise tax against each of such $300.00 payments on the contention that they constituted "initiation fees." (§ 1710(a) (2) I.R.C.1939.) Plaintiff paid the total assessment of $120.00 and made claim for a refund. His claim was denied and he sued to recover the amount paid. His complaint was dismissed by the District Judge.

Hulette contended in the District Court, as he does here, that conceding that the $300.00 paid for his first share

of stock in 1946 was a taxable "initiation fee," the assessment of an excise tax thereon in 1960 was barred by the four year limitation provided by § 3312 (a) of the Internal Revenue Code of 1939. As to the payment of $300.00 in 1949 to convert his original share into a Class A share, he asserts that such was not an "initiation fee," and that even if it was, assessment of an excise levy thereon in 1960 was barred by the aforesaid § 3312 (a) I.R.C.1939. The government contends that the 1949 payment to obtain the Class A stock was equivalent to payment of an "initiation fee" and that by virtue of § 3312(b) the limitation provided by § 3312(a) does not apply to the 1946 and 1949 payments because, it asserts, ho returns disclosing such payments were ever made. (§ 3312(b) I.R.C.1939.)

1. *Was the $300.00 paid in 1949 to convert Hulette's stock to a Class A share, the payment of an initiation fee?*

■ The originally authorized capital stock of Frankfort Country Club consisted of 300 shares with a par value of $300.00 per share. Purchase of one of such shares was necessary to become a member of the Club. Hulette concedes that his 1946 payment for the share acquired by him was a taxable "initiation fee." In 1949, the capital structure of the Club was changed by amending Art. V of the Articles to provide for two Classes of common stock and one of preferred stock.[1]

In 1949, Hulette converted his originally owned one share of stock into a share of Class A Common Stock, thereby becoming a Class A Certificate member. He paid $300.00 in cash to effect the conversion of his stock. It is clear to us that this payment was a condition precedent to Hulette becoming a Class A Member of the Club, and, as such, became taxable as an "initiation fee." After the 1949 amendment to Article V, there existed two classes of membership in the Club, Class A and Class B. Ownership of one share of Class B Stock was essential to a Class B membership and one share of Class A stock to a Class A membership. After the reorganization, Class A members were required *to pay only one-half of the annual dues exacted*

---

1. Article V. The Capital Stock of the corporation shall be $220,000.00, and the same shall be divided into shares and classes of shares as follows:

(1) Three Hundred shares of common stock authorized to be issued in two classes, namely:

(a) Class A Common Stock, the holders of which shall be designated and known as Class A Certificate Members, of the par value of $600.00 each.

(b) Class B Common Stock, the holders of which shall be designated and known as Class B Certificate Members, of the par value of $300.00. (The total number of shares of common stock issued and outstanding, including both Class A and Class B, shall not at any time exceed 300 shares.) Each holder of one share of common stock of the club, hereinafter designated as a Class B Certificate Member, shall have the right and privilege of converting the same into a Class A Certificate Membership of the par value of $300.00 each by paying an additional $300.00 therefor, making a total authorized maximum issue of 300 shares of Class A Common Stock amounting to a total of $180,000.00.

(2) Eight hundred shares of preferred stock of the par value of $50.00 each, amounting to $40,000.00.

A statement of the designations, preferences and relative rights of each class of stock of the corporation and of the qualifications, limitations or restrictions of such preferences or rights is as follows:

(1a) COMMON STOCK: Any holder of the common stock of the corporation, whether it be Class A or Class B, shall be entitled to only one vote regardless of the class or number of shares of common stock of the corporation, whether it be the holder of a Class A Certificate Membership or the holder of a Class B Certificate Membership shall have and enjoy the same rights and privileges, *with the sole exception that the holder of·Class A Certificate Membership shall be required to pay annual dues in an amount only one-half as much as the annual dues fixed and required to be paid by holders of a Class B Certificate Membership, and this same differential in dues shall be fixed and maintained so long as. Class B Certificate Memberships are issued and outstanding.*

*from Class B members.* If the plaintiff-appellant's position is sustained, he will escape paying not only the excise levy on the amount paid to join the top membership in his club, which includes a 50% reduction in his dues, but will avoid paying the excise tax that Class B members will be paying on the excess of their dues over those payable by Class A members.

We have, in the case of McDonald v. United States of America, 315 F.2d 796, held that a bond purchased as a condition to the highest class of membership in a club is an initiation fee, notwithstanding that the bond purchaser could have acquired another type of membership without buying a bond. We think our McDonald decision is applicable and decisive of the question now before us.

While the following decisions contain some factual dissimilarities to those presented here, we believe they support the principle upon which we base our decision. Vitter v. United States, 279 F.2d 445 (C.A.5, 1960); United States v. Riverlake Country Club, 306 F.2d 564 (C.A.5, 1962); Billings v. Campbell (N. D.Tex., 1960), 188 F.Supp. 261; Edgewood Country Club v. United States (S.D. W.Va., 1962), 204 F.Supp. 508, affirmed 310 F.2d 379 (C.A.4, 1962).

We hold that the $300.00 paid by Hulette as a condition to acquiring a Class A membership in the Frankfort Club was a taxable initiation fee.

■ 2. *Were the assessments in question barred by the limitation provided in § 3312(a) I.R.C.1939?*

As was the situation in McDonald v. United States of America, supra, the Frankfort Country Club made out and filed excise tax returns for the period in which Hulette paid for his first share of stock (1946) and for the period in which he paid the $300.00 as a condition to converting his Class B share into a Class A share (1949). Neither of these returns disclosed the payments so made by Hulette. The government concedes that no fraud was committed. It is assumed that the failure to report such payments was because of a good faith belief by Hulette and the Club that they were not subject to tax.

We believe that our McDonald decision is dispositive of this question and that no return, within the meaning of § 3312, was filed. The limitation, therefore, does not apply and the assessment in 1960 was permissible. § 3312(b) I.R.C.1939.

Appellant's counsel points to one factual difference between the case at bar and the McDonald case. In McDonald, the excise tax return form (Treasury Department Form 729) called for reporting "club dues" and "initiation fees" in separate categories. In this case, the form used (Treasury Department form 720) combined "club dues, initiation fee, life memberships," and called for one total figure. We do not consider that this difference in fact requires a legal result different from the McDonald case.

We hold that the assessments made were not barred by § 3312(a) I.R.C.1939.

Judgment affirmed.