ASPETUCK VALLEY COUNTRY CLUB, INC. *v.* TAX
COMMISSIONER OF THE STATE OF CONNECTICUT

COTTER, C. J., BOGDANSKI, SPEZIALE, PETERS and HEALEY, Js.

Argued November 15, 1979—decision released March 4, 1980

*Robert J. Berta,* for the appellant (plaintiff).

*Robert L. Klein,* assistant attorney general, with
whom, on the brief, were *Carl R. Ajello,* attorney
general, and *Ralph G. Murphy,* assistant attorney
general, for the appellee (defendant).

SPEZIALE, J. The plaintiff appealed to the Superior Court from a determination by the defendant tax commissioner that the payment made by newly elected members of the plaintiff club to obtain membership certificates is subject to the tax on initiation fees under § 12-543 (a) of the General Statutes. The trial court affirmed the decision of the defendant and dismissed the appeal. From the judgment of the Superior Court the plaintiff, after certification was granted, appealed to this court.

The case was presented by the parties on a written stipulation of facts, which reveals, inter alia, the following: The plaintiff is a social, athletic, or sporting club or organization organized under the laws of this state. According to the plaintiff's bylaws, each member of the plaintiff club is required to own a membership certificate which represents, in the event of dissolution, a pro rata share in the club. Payments for the certificates are deposited in an account denominated by the plaintiff as the "Equity Fund Account," which is separate from the plaintiff's operating funds and account. The plaintiff receives neither interest income nor any other monetary benefit from this account. All funds accumulated in the "Equity Fund Account" are paid to "resigned or deceased" members. According to article V of the plaintiff's certificate of incorporation,[1] upon the resignation or death of a member, the club acts as "agent" to sell the certificate for

---

[1] Article V of the plaintiff's certificate of incorporation provides in relevant part:

"Upon the resignation or death of a Founding or Regular Member, the club shall act as agent of such member to sell the certificate for him or his estate to a newly elected member of the same class and the Board of Governors shall maintain a list of such certificates available to incoming members and shall dispose of them in the same order in which received."

him to a newly elected member of the same class. Under its bylaws, the club retains possession of all these certificates and has a lien upon any such certificate in order to secure the payment of all dues, assessment charges, and indebtedness. In addition to purchasing a certificate, incoming members are required to pay a nonrefundable "initiation fee," which the plaintiff concedes is taxable.

Section 12-543 (a) of the General Statutes provides, in relevant part: "There is hereby imposed a tax equivalent to ten per cent of any amount paid as dues or initiation fees to any social, athletic or sporting club or organization. Such tax shall be imposed upon the club or organization receiving such amounts. Reimbursement for such tax shall be collected by the club or organization from the member. Such reimbursement, termed 'tax,' shall be paid by the member to the club or organization charging the dues or initiation fees. . . ." The term "initiation fees" is defined in § 12-540 (6) of the General Statutes as including "any payment, contribution or loan required as a condition precedent to membership whether or not any such payment, contribution or loan is evidenced by a certificate of interest or indebtedness or share of stock."

The plaintiff club claims that the payments for the certificates are not taxable under § 12-543 as initiation fees. The first argument advanced by the plaintiff is that because it was acting only as "agent" for deceased or resigned members of the club, the payments for the certificates are not taxable. The plaintiff seeks to have us read into the statutory language "[s]uch tax shall be imposed upon the club or organization receiving such amounts" the requirement that the club be the

"direct object" of payment for the cost of the certificate to be taxable. There is no basis for such a strained interpretation of the statute. The word "receive" is defined as to "take possession or delivery of"; Webster, Third New International Dictionary; and "accept custody of." Black's Law Dictionary (Rev. 5th Ed. 1979). The plaintiff received the payment for the certificate. Neither does it avail the plaintiff to claim that the statute does not "contemplate" payments made to an agent. The fact that the plaintiff refers to itself in its certificate of incorporation as "agent" is not dispositive of whether it is, in fact, an agent. Nor is the legislature necessarily barred from imposing a tax on an agent which is based on property the agent receives or holds on behalf of its principal. 84 C.J.S., Taxation § 102.

The plaintiff places much emphasis on the fact that the predecessor of § 12-540 (6); Public Acts, Spec. Sess., June, 1969, No. 1, § 54 (b)[2] subsequently codified at § 12-528 (1969 Sup. to the General Statutes); contained after the terms "share of stock" the language "and irrespective of the person or organization to whom paid, contributed or loaned." Because this language was deleted from § 12-540 (6), the plaintiff alleges that the payments for the certificates do not constitute initiation fees, and claims that several federal cases have held payments similar to those here to be taxable as initiation fees primarily because of this phrase.

---

[2] Section 54 (b) of Public Acts 1969, No. 1 (June Special Session) provides: "[A]s used in sections 53 to 55, inclusive, of this act, the term 'initiation fees' includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed or loaned."

The definition of initiation fees contained in Public Acts, Spec. Sess., June, 1969, No. 1, § 54 (b), was derived from and modeled on the former federal excise tax on dues and initiation fees, § 4242 of the Internal Revenue Code of 1954, which was repealed in 1965. See *Ox Ridge Hunt Club, Inc.* v. *Tax Commissioner,* 175 Conn. 90, 394 A.2d 194 (1978); Int. Rev. Code of 1954, § 4242 (repealed 1965). In cases involving the federal excise tax, the terms "irrespective of the person or organization to whom paid, contributed or loaned" indisputably were of importance in finding the payment taxable as an initiation fee. See, e.g., *Vitter* v. *United States,* 279 F.2d 445 (5th Cir. 1960); *Wild Wing Lodge* v. *Blacklidge,* 59 F.2d 421 (7th Cir. 1932); *Munn* v. *Bowers,* 47 F.2d 204 (2d Cir. 1931); *Knollwood Club* v. *United States,* 48 F.2d 971 (Ct. Cl. 1931). We note that under the prior relevant federal and state statutes, however, the tax on initiation fees was imposed on the person *making* the payment. Int. Rev. Code of 1954, § 4241 (repealed 1965); Public Acts, Spec. Sess., June, 1969, No. 1, § 53 (b). Thus, the phrase "irrespective of the person or organization to whom paid, contributed or loaned" was determinative of whether payments made to the club or third parties were taxable. Under § 12-543 of the General Statutes, however, the tax is imposed on the club *receiving* the payment, with a right of reimbursement from the member. The above-quoted phrase would have been a non sequitur had it been included in the definition of initiation fees contained in § 12-540 (6) of the General Statutes. Therefore, the deletion of this phrase cannot have the significance claimed by the plaintiff. The payment in question here would have been taxable under Public Acts, Spec. Sess., June, 1969,

No. 1, § 53 (b), the predecessor of § 12-543 of the General Statutes; it is likewise taxable under § 12-543.

The plaintiff also claims that the defendant's position that payments for the certificates are taxable initiation fees "fails to recognize" that Aspetuck requires, in addition to the payment for the certificate, the payment of what it terms an "initiation fee" on which it does pay the tax imposed by § 12-543. What the plaintiff ignores, however, is that there obviously can be more than one condition precedent to membership. And, payments made to a club as defined by § 12-543 (a) which constitute a condition precedent to membership are not insulated from taxation under § 12-543 simply because the club takes it upon itself to denominate "initiation fee" the payment of a separate sum. In fact, in a case cited by the plaintiff itself, *Vitter* v. *United States,* supra, payment for a share of stock which was a condition precedent to membership in a club was held to be a taxable initiation fee even though payment of a distinct initiation fee was required for membership.

We hold that the payment for the certificate falls squarely within the statutory definition of initiation fees, and thus is taxable under § 12-543 of the General Statutes. The merit, wisdom, or desirability of taxing such payments is not before us. Having discerned the meaning of the legislation, we end our inquiry; the court does not sit as a revisor of statutes. *Ziperstein* v. *Tax Commissioner,* 178 Conn. 493, 503, 423 A.2d 129 (1979).

The trial court did not err in holding the payments for the membership certificates to be taxable as initiation fees under § 12-543 of the General Statutes.

There is no error.

In this opinion the other judges concurred.