[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 12, 1996
The issue before the court is the extent of a garnishment of a defendant's interest as a member of a private club. The plaintiff, Candace Garthwaite, brought suit against the named defendant, John Lynch, and two residents of Atlanta, who had formed a partnership known as Blackshaw, Olmstead and Lynch. The plaintiff claimed that the defendants owed her money for executive placement rendered on behalf of the defendants.
On September 12, 1995, having found probable cause, this court, Karazin, J., granted a prejudgment remedy in the approximate amount of $25,000. The order included any membership bonds, security deposit, prepaid greens fees, personal property, or funds held by the respondent, The Round Hill Club, Inc. (Round Hill), of Greenwich, in the name of or for the benefit of defendant Lynch, a member of the respondent club.
On November 3, 1995, the plaintiff applied (#113) for "omnibus" relief,[1] indicating that the order of attachment remained wholly unsatisfied. This motion thereafter appeared on the short calendar at which time the respondent, Round Hill, agreed to and did in fact issue the certificate required by General Statutes § 52-289.[2] Thereafter, the respondent's lawyer indicated that "the value to Mr. Lynch of his share of stock in the Round Hill Club would be $2300 were he to resign his membership." The respondent club also agreed in writing that it would not release the share of stock to its member, Lynch, until further order of the court.
The plaintiff contends that her garnishment of the respondent is not limited to $2,300, the value of Lynch's one share of stock if he resigned, but rather attaches to "a second bundle of rights," referring to the defendant's alleged equity or interest in all the assets of the respondent corporation, including land and buildings. This would be a considerable sum, even though divided among over three hundred sixty members. The plaintiff argues that she is entitled either to a bond in the amount of CT Page 4929 $25,000 or "other suitable liquid assets." The plaintiff citesAspetuck Valley Country Club, Inc. v. Commissioner, 180 Conn. 5,428 A.2d 328 (1990), as authority for her claim that the one share of stock is only an initiation fee and does not represent Lynch's pro rata ownership or interest in the respondent's total assets.
The respondent argues and the court agrees that Lynch's only right is to have the one certificate of stock redeemed if he resigns, at which time he would be entitled to $2,300, according to the respondent's by-laws and his own irrevocable assignment to that effect. Since this is all the defendant Lynch is entitled to from the respondent, at this stage of the proceedings at least, this is all to which the plaintiff is entitled by reason of her garnishment. The Aspetuck Valley case only concerns whether payments made by newly elected club members to obtain membership certificates are initiation fees defined by statute, General Statutes § 12-540(6), and are therefore subject to tax under General Statutes § 12-543(a). Id., 6. The decision does not address the nature of the member's interest in the club. The plaintiff cites a case which finds that members do not have legal title in the club, but they have certain equitable interests.Reynolds v. The Surf Club, 473 So.2d 1327, 1330-31 (Fla.App. 3 Dist. 1985) (recognizing action by members for waste or mismanagement). The court did not find a quantifiable, attachable interest, however. In Matthews Brake Hunting and Fishing Club,Inc. v. Sneed, 475 So.2d 811 (Mississippi, 1985), a charter member's share in a club was to be surrendered at a fixed, agreed upon price. The court held that the price agreed upon by the members constituted grossly inadequate consideration and could not be enforced because the price of the club land had increased tremendously, and the by-law pertaining to the procedures for fixing the price had been invalidly adopted. Id., 813. There is no claim in this case of a change in stock value such that the agreement is unenforceable due to inadequate consideration. The plaintiffs assertion that an equitable interest can be quantified and attached is unsupported in law.
Therefore, the plaintiffs request for "omnibus" release is denied.
LEWIS, J.