James C. **DUDLEY**

v.

The **UNITED STATES.**

No. 182–61.

United States Court of Claims.
March 6, 1963.

---

Grant W. Wiprud, Washington, D. C., for plaintiff. Robert T. Molloy, Washington, D. C., on the briefs.

Cynthia Holcomb, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. Edward S. Smith, and Lyle M. Turner, Washington, D. C., on the brief.

LARAMORE, Judge.

This is a suit for refund of excise taxes paid pursuant to section 4241(a) (2) of the Internal Revenue Code of 1954.[1] The question presented is whether payment for certain debentures constituted payment of an initiation fee as defined in section 4242(b) of the Internal Revenue Code of 1954.[2]

The Winter Club, Inc. (hereinafter referred to as the Club) is a membership corporation which was organized under the laws of New York in April 1957 for the purpose of operating a private skating club during the winter months on premises leased from the Huntington Country Club. The governing committee of the Club, at its organization meeting on April 30, 1957, established three classes of membership with the following entrance fees and annual dues: (1) Regular—$200 entrance fee, $125 dues; (2) Country Club (those members who were also members of the Huntington Country Club)—$150 entrance fee, $100 dues; (3) Founding (those aiding in the founding of the Club)—such annual dues as the President shall determine. Thereafter, on November 24, 1958, two additional classes of membership, Non-Resident and Service, were authorized.

At its organization meeting in April 1957, the Club's Governing Committee authorized the Club to issue debentures to be known as Non-Interest Bearing Subordinated Debenture Bonds. They were to be limited in aggregate principal amount to $150,000 outstanding at any one time, to mature on July 1, 1969, with a grace period for payment of principal of two years thereafter, to be prepayable, and to bear no interest at any time.

A Prospectus dated February 13, 1957, which was subsequently approved by the Club, set forth the purposes of the Club, its plans for building a skating rink, and the manner in which the Club intended to finance the rink and its other operations.

In regard to the proposed issuing of debentures, the Prospectus stated:

"We estimate that at least $100,-000 must be raised through sale of debentures and $40,000 through initiation fees. The debentures would be subject to a 12 year sinking fund to begin two years following the opening date of the rink. They will bear no interest, since to pay in-

---

1. 26 U.S.C. (I.R.C.1954) § 4241(a) (2) (1958 Ed.)

2. 26 U.S.C. (I.R.C.1954) § 4242(b) (1958 Ed.)

terest would extend the period of sinking fund very materially. However, those who buy bonds will not be required to pay initiation fees and will be forgiven a portion, or in some cases all, of their dues for life. The debentures will be transferable, but not the privileges accorded the buyer.

$5,000 debenture entitles buyer to 100% lifetime dues forgiveness *
$4,000 debenture entitles buyer to 80% lifetime dues forgiveness
$3,000 debenture entitles buyer to 60% lifetime dues forgiveness
$2,000 debenture entitles buyer to 40% lifetime dues forgiveness
$1,000 debenture entitles buyer to 20% lifetime dues forgiveness

"Regular dues will be $125 per family membership per season, except that a member of the Huntington Country Club will pay $100, the difference being paid to the Country Club, up to certain limits, for house privileges of non-members. Bond buyers, regardless of membership in the Country Club, will pay no initiation fee and will compute their dues reduction on the basis of $125 dues.

"Initiation fees will be $200 per family membership, except that members of Huntington Country Club will pay $150. We estimate that 65 non-debenture-buying Country Club members may wish to join the Winter Club."

Subsequently, the debentures were issued pursuant to the provisions of the Prospectus. They were originally purchased by 58 members of the Club, which consisted of about one-third of the original membership. The remaining original members did not buy any bonds at all. Membership in the Club has never been conditioned upon purchase of one or more of the debentures, and of the many new members since 1957, only a few have purchased any of them. At the present time there are 57 debenture-holding members, which figure includes all the Founding members.

The plaintiff in this case is James C. Dudley, who was a charter member, governor, and first president of the Club. Sometime between July and September of 1957, plaintiff purchased two of the $1,000 debentures for cash. He was thus excused from paying any entrance fee to the Club, and became entitled to an annual reduction of 40 percent of his dues, for the duration of his membership in the Club. Thus his dues were $75 annually, based upon a 40 percent reduction from the $125 basis set forth in the Prospectus.

Originally plaintiff did not pay any initiation excise tax based on the cost of the bonds, but he did pay an excise tax on the full amount of the dues, which he would have owed had he not been entitled to the 40 percent reduction due to his purchase of the debentures.

The Commissioner of Internal Revenue refunded, in full, the excise tax paid by plaintiff on the amount of his dues which, in fact, were forgiven and not paid to the Club. In 1960, the Commissioner of Internal Revenue assessed a tax of $400, plus $73.05 interest thereon, against plaintiff on the theory that plaintiff's purchase of the debentures in the amount of $2,000 was payment of an initiation fee subject to the 20 percent excise tax of section 4241(a) (2) of the Internal Revenue Code of 1954. Plaintiff paid the assessment and filed a claim for refund. His claim was denied, and he hereby brings this suit to recover the assessment.

The question before us is whether the debentures purchased by plaintiff for $2,000 constituted payment of an initiation fee under section 4242(b) of the 1954 Code, which then would be subject to the excise tax provided for in section 4241(a) (2) of the Code.

Section 4242(b) defines initiation fees:

"(b) Initiation fees.—As used in this part the term 'initiation fees'

---

* It is impossible to avoid payment of federal tax on what dues would normally be.

include any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned."

Section 4241(a) (2) imposes an excise tax on initiation fees:

"(a) Rate.—There is hereby imposed—

    *     *     *     *     *

"(2) Initiation fees.—A tax equivalent to 20 percent of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $10 per year."

The Commissioner of Internal Revenue determined that plaintiff, as well as the other debenture holders in the Club, were in a separate membership class from the other members, and that purchase of one or more debentures was a requisite to admittance to this type of membership. Thus the debentures were in the words of section 4242(b), " * * * any payment, contribution, or loan, required as a condition precedent to membership, * * *." The reason for this determination was that debenture holders received certain rights and privileges not enjoyed by the general membership; i. e., nonpayment of entrance fees and reduced dues.

The Commissioner's determination is supported by the well-reasoned opinion of the District Court in Edgewood Country Club v. United States, 204 F.Supp. 508, aff'd per curiam by the Fourth Circuit, 310 F.2d 379. There a club required its members in the Family and Single classes of membership to purchase ten shares of stock in the building association that owned the club's properties or else pay an additional amount of $25 in annual dues. Judge Watkins held that in order for the members to receive certain privileges denied to other members, i. e., payment of less dues, it was mandatory for them to purchase ten shares of stock even though it was not required of them, and therefore the cost of the ten shares was an initiation fee subject to the excise tax.

We believe Judge Watkins' interpretation of sections 4241 and 4242 is correct. This is particularly true in view of the complete legislative history of those sections set forth in his opinion which show that the statutes were intended to close a loophole whereby taxes were avoided through the device of having members make loans to an organization instead of directly paying fees and dues.

As did the taxpayer in the Edgewood case, the taxpayer in this case claims that the purchase of debentures was not a mandatory requirement for admission to the Club and therefore not an initiation fee. The short answer to that contention is that plaintiff had the choice of paying the standard entrance fee and dues in order to become a member, or of purchasing the debentures and paying a lesser amount of dues. The choice was his and as he voluntarily chose to gain admittance to the type of membership in the Club which required purchase of debentures, he is responsible for payment of the appropriate excise tax.

Plaintiff also argues that the purchase of non-interest bearing debentures was purely a loan to the Club and thus not taxable under Revenue Ruling 55–576, 1955–2 Cum.Bull. 641. This ruling determined that advancements made to a Club as voluntary loans for a building program were not subject to an excise tax as dues or initiation fees because a member's rights and privileges in the Club were in no way affected by the making of such loans or the refusal to make such loans. Thus the loans were not a condition precedent to membership. The ruling went on to state "If, however, such advances are required of new members or of members electing to acquire a new or different membership as a condition precedent to membership, the

amounts thereof are clearly initiation fees * * *."

Thus, in reply to this contention of plaintiff, the facts in the instant case show that the purchasing of debentures was something in addition to a loan and was a condition precedent which entitled the purchaser to certain privileges over non-debenture-holding members. The purchasers are, therefore, taxable under both Revenue Ruling 55–576, supra, and Revenue Ruling 281, 1953–2 Cum.Bull. 344, which is similar in determination.

Whether plaintiff would have been financially better off costwise by paying the standard fees instead of purchasing the debentures is not clear. However, that state of events is not relevant to the determination of this case. Plaintiff is liable for the excise tax imposed upon the costs of the type of membership he chose.

█ The plaintiff also states that the action of the Commissioner of Internal Revenue was arbitrary in that an initiation tax was imposed on those members who purchased one to four debentures, but not on those who purchased five debentures. We do not think such action by the Commissioner was arbitrary or unreasonable. The reason for not imposing an initiation tax on purchasers of five debentures was because such a purchase relieved the purchaser from payment of any dues or membership fees for the duration of his entire membership and, therefore, was a purchase of a life membership. Section 4241(a) (3) of the 1954 Code imposes a different tax on purchase of a life membership and allows the purchaser an election either to pay a 20 percent tax on the cost of such memership or pay a tax equivalent to the tax paid by regular dues paying members at such time as their dues tax is due (which is annually in the present case.)

Plaintiff cites In the Matter of Riverlake Country Club, Inc., 203 F.Supp. 442, affirmed on appeal to the Fifth Circuit with one judge dissenting, United States v. Riverlake Country Club, Inc., 306 F.2d 564, as partially supporting his position. In that case the court held that purchasers of $1,000 bonds who were entitled to membership in the country club without having to pay the $400 resident or $50 non-resident membership fee did not have to pay an initiation fee tax on the cost of the bonds, but did have to pay such a tax on the cost of the membership fee they otherwise would have had to pay in order to join the club.

We respectfully disagree with the majority opinion handed down by the Fifth Circuit in that case, and agree with the dissenting opinion that the statutes require the tax to be imposed on the amount of the loans made by the member in order to achieve membership and not on the fees he otherwise could have paid for membership had he chosen to do so.

Therefore plaintiff's purchase of the $2,000 worth of debentures was correctly subject to tax as an initiation fee, and his petition is dismissed.

JONES, Chief Judge, REED, Justice (Ret.), sitting by designation, and DAVIS and DURFEE, Judges, concur.