**UNITED STATES of America,**
**Appellant,**

v.

**Milton O. BOOTH, Appellee.**

**No. 22785.**

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1966.

John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz, Edward L. Rogers, Attys. Dept. of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Richard M. Roberts, Acting Asst. Atty. Gen., Washington, D. C., for appellant.

C. A. L. Johnstone, Jr., Mobile, Ala., McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., of counsel, for appellee.

Before TUTTLE, Chief Judge, and THORNBERRY and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from a judgment in favor of the taxpayer who sought and obtained, in the district court, a refund of the twenty percent tax assessed against him on a payment of $600 as purchase price of a certain debenture issued by the Mobile Country Club.[1] These Series X debentures were authorized by the club to be purchased by Class A members for the purpose of aiding in the capital expansion of the club. They were non-interest bearing, but they gave to the holders a prior claim on the assets of the club upon dissolution.

The record is clear that not all the Class A members purchased such debentures since they were not required to purchase such debentures in order to retain their membership in the club.

At the time of the acquisition of this debenture by the appellant, new members seeking to be admitted to the club could not become members without acquiring one of these Series X debentures. Holders of these debentures could transfer them either at death or upon resignation from the club. Thus the debentures gave such club members as subscribed to them certain advantages not owned by other members of the Mobile Country Club. The United States urges that this satisfied the statutory definition of initiation fees, since, by paying the sum of $600 to the club, the plaintiff acquired a special type of membership or special class of membership. The advantage was that such members could affect the election of new members, because such new members must, after being approved by the membership committee, await the acquisition of a Series X debenture before election.

The courts have repeatedly held that where the purchase of a debenture, or the making of a loan to a club, is a prerequisite to membership, the amount paid therefor falls within the definition of initiation fees within the provisions of the Internal Revenue Code. Vitter v. United States, 5 Cir., 279 F.2d 445. As we read McDonald v. United States, 6 Cir., 315 F.2d 796, we think this, in effect, is the basis of the holding of the Court in that case. The government contends that the term "initiation fees" is to be extended to include the acquisition by one already a member of any special privi-

---

1. The assessment was based on the following Sections of the Internal Revenue Code:

"Internal Revenue Code of 1954:
SEC. 4241. IMPOSITION OF TAX.
(a) Rate.—There is hereby imposed—
(1) Dues or Membership Fees.—A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year.
(2) Initiation Fees.—A tax equivalent to 20 percent of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $10 per year.
$\ast$ $\ast$ $\ast$ $\ast$ $\ast$
(b) (as amended by Sec. 3(b), Act of September 21, 1959, P.L. 86–344, 73 Stat. 617) By Whom Paid.—[Except as provided in section 4243(b),] The taxes imposed by this section shall be paid by the person paying such dues or fees, or holding such life membership.
$\ast$ $\ast$ $\ast$ $\ast$ $\ast$ $\ast$"
(26 U.S.C.1958 ed., Sec. 4241.)
"SEC. 4242. DEFINITIONS.
(a) Dues.—As used in this part of the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; and
(b) Initiation Fees.—As used in this part the term 'initiation fees' includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned.
$\ast$ $\ast$ $\ast$ $\ast$ $\ast$ $\ast$"
(26 U.S.C.1958 ed., Section 4242).

leges or benefits as a member. In support of this theory the government points to Regulations 49.4242(1), which is a regulation defining "*dues* or *membership fees*." That section provides that the term "dues or membership fees" means all charges by a social, athletic or sporting club or organization, which are commonly understood to constitute dues or membership fees, "as well as all other charges required to be paid to such a club or organization for the privilege of being a member of the club or organization *or a member of a particular membership class*." (Emphasis added.)

The government says that since the $600 payment here at issue is a sum required to be paid for the privilege of being "a member of a particular membership class," it satisfies this requirement. The difficulty with this argument is that it is made in the principal part of the government's brief and oral argument, wherein it is insisted that this is an *initiation* fee, and not an item of *dues* or *membership* fees.[2] The same regulation, Section 49.4242(1), excludes *initiation* fees as follows:

"The term 'dues or membership' fees does not include initiation fees. Neither does the term include fines imposed for misconduct or violation of rules * * *."

Then there is a separate definition section defining *initiation* fees. This is Section 49.4242(2). This Section begins:

"The term 'initiation fees' as used in the Regulations in this part, includes any payment, contribution, or loan required as a condition precedent to membership in a social, athletic or sporting club or organization, whether or not any such payment, contribution or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed or loaned."

It has no such language as is contained in the dues section relating to "member of a particular membership class." We can only assume that for some purpose having significance in the administration of the tax statutes, the government does not here contend that the payment of the $600 falls within the definition of the term "dues".[3] Upon this assumption, we cannot consider whether the payment of $600 for the Series X debenture could properly have been made the subject of the tax under the "dues" section. Under these circumstances, we cannot accept the government's argument that the definitions section of *initiation* fees is to be modified to include the language contained under the *dues* section, since it is clear that, for some purpose, the Secretary of the Treasury, in publishing the regulations, concluded not to follow the same definition standards for *initiation* fees as were used under the *dues* section.

As noted above, the government does make an alternative argument to the effect that, while the purchase of the debenture was not required of all members, there was something akin to moral pressure placed upon Class A members to acquire such a debenture. This, the government argues, amounts to an "assessment." As such assessment, the government contends, the payment is covered under the dues section of the statute. We think this argument does not merit real consideration. It is not an assessment in theory or in fact, and, since this is the only basis on which the government contends that it falls within the dues section of the statute, we are unable to find a basis for reversing the judgment of the trial court.

The judgment is affirmed.

---

2. To be sure, as an alternative argument, the government contends that substantial pressure was placed upon Class A members to acquire these debentures and that this amounted to an "assessment" which is covered under the dues section of the statute. We deal with this discussion in a later part of this opinion.

3. Except in the limited sense of being an assessment, discussed later.