**UNITED STATES of America,
Appellant,**

v.

**Brad B. BAILEY, Appellee.
No. 23658.**

United States Court of Appeals
Fifth Circuit.

Aug. 18, 1967.

Rehearing Denied Oct. 30, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Lee A. Jackson, Gilbert E. Andrews, Donald Williamson, Attys., Dept. of Justice, Washington, D. C., E. R. Holmes, Jr., Asst. U. S. Atty., of counsel, for appellant.

C. Scott Edmundson, Jr., Thomas R. Ward, R. B. Deen, Jr., Meridian, Miss., for appellee.

Before HUTCHESON and GODBOLD, Circuit Judges, and NOEL, District Judge.

HUTCHESON, Circuit Judge.

This appeal by the United States attacks the judgment of the district court which granted refund for taxes assessed on amounts claimed to be initiation fees and further held that the collection of the tax is barred by the statute of limitations. We sustain the government on both points, and reverse.

The Downtown Club of Meridian is a Mississippi corporation organized on January 13, 1958. There are six classes of membership in the Club.[1] The Charter-Resident class is restricted to holders of stock in the corporation.[2] Taxpayer qualified for membership in this class on February 25, 1958 by purchasing one share of stock for $200. Charter-Resident is by far the largest class, having 150 members as compared to 43 members in all the other classes combined. Apart from the purchase of stock, no fee is required of Charter-Resident members. On the other hand, nonstockholding members are required to pay an initiation fee

1. These are described in the Club's by-laws as follows:
1. Charter-Resident (Stockholders): a member owning stock in the corporation.
2. Resident: a nonstockholder member.
3. Associate-Resident: a member associated with a Charter-Resident.
4. Non-Resident: residence and place of business is more than 50 miles away from Meridian.
5. Honorary: elected to membership by special act of the Board of Directors.
6. Special Transit: temporarily resides in Meridian and membership is limited to 6 months duration.

2. There was one person who was granted a Charter-Resident membership without buying a share of stock. Having been one of the organizers of the Club who worked hard for its formation, he was admitted when he became seriously ill. To the taxpayer's knowledge, this person was the only one to become a Charter-Resident member without purchasing stock.

of $20.[3] All members, except those in the honorary class, pay annual dues.

It is clear from the Club's constitution and by-laws that, while all members possess the same privileges with regard to the use of the Club, the Charter-Resident members have the power to control the management of the Club through exclusive voting rights. Only stockholders have the right to nominate and elect the Board of Directors who have "the general management and control of the Club and its property." Only stockholders can be elected as a director, president, or as other officers. The constitution can be amended only by a vote of stockholders. The distribution of the assets of the Club upon dissolution can be shared only by stockholders.[4]

Section 4241(a) (2) of the Internal Revenue Code of 1954 imposes a 20% tax on "any amount paid as initiation fees" to a social club.[5] Initiation fees are defined to include "any payment * * * required as a condition precedent to membership, whether or not any such payment * * * is evidenced by a * * * share of stock, and irrespective of the person or organization to whom paid * * .*." Sec. 4242(b). See. Vitter v. United States, 279 F.2d 445 (5th Cir.), cert. denied 364 U.S. 928, 81 S.Ct. 353, 5 L.Ed.2d 266 (1960).

The taxpayer argues, and the district court agreed, that taxpayer's payment of $200 for a share of stock was not actually a condition precedent to membership for it was at most an alternative or substitute for the $20 paid by nonstockholding members. The taxpayer insists that a stockholder should be taxed to no greater extent than a member paying only $20. If stockholders and nonstockholders received for their payments the same rights of membership, so that the

two methods were alternative ways to acquire the same kind of membership, we would have to agree. United States v. Riverlake Country Club, Inc., 306 F.2d 564 (5th Cir. 1962).

However, the government contends that the taxpayer, by virtue of being a stockholder, was placed in a separate class of membership with added voting rights and privileges not accorded to nonstockholders. The government further argues that because the condition precedent to becoming a member of the voting class was to purchase stock, the full amount that taxpayer had to pay to join this special class, $200, is an initiation fee. The rationale of this line of argument is that "it is not material to the application of the tax that the payment be a prerequisite to all classes of membership in the club. The essential question is whether such payment is made as a prerequisite for *any type of membership therein.*" (emphasis added) S.T. 387, 1–2 Cum.Bull. 291 (1922). Accord, Rev.Rul. 281, 1953–2 Cum.Bull. 344.

The government's position is based on sound reasons. "If the tax only applied to those payments made as conditions precedent to becoming a general member of the club, the tax could easily be avoided * * * by having different classes of membership within the general membership and imposing major initiation fees for those classes, with only token fees, or none at all, for general membership." Edgewood Country Club v. United States, 204 F.Supp. 508, 513 (S.D.W. Va.), aff'd per curiam, 310 F.2d 379 (4th Cir. 1962).

In *Edgewood*, it was held that certain members, who obtained the right to pay annual dues in a reduced amount by purchasing 10 shares of stock, constituted a separate class of membership; and, own-

---

3. Except honorary members who pay no fee and nonresident members whose fee is $100.

4. With regard to dividends, the constitution states: "This is a non-profit corporation and no dividend or other distribution of income shall ever be made to the stockholders."

5. This case involves the period from January 1, 1958, through March 31, 1963, and therefore is not affected by the fact that the tax on initiation fees are repealed by the Excise Tax Reduction Act of 1965, P.L. 89–44, 79 Stat. 136, 1 U.S. Code Cong. & Admin. News p. 153 (1965), effective January 1, 1966.

ership of the stock being a condition precedent to joining that separate class, the payments for the stock were taxable as initiation fees.[6] In *Riverlake*, we expressly approved this reasoning concerning the effect of an arrangement which creates a separate class of membership.[7] We said of the *Edgewood* decision: "That decision was undoubtedly correct, involving as it did a separate membership class." 306 F.2d at 566. We distinguished the arrangement employed in *Riverlake* on the ground that it did not create a separate class of membership since all members received the same rights and privileges.

■ Given these general principles, however, the taxpayer maintains that the rights involved here, exclusive voting privileges in a social club, are so unimportant that they should not be considered to establish a separate class of membership. We do not agree. The right to have a voice in the management of the club in which one is a member obviously is significant. See McDonald v. United States, 315 F.2d 796 (6th Cir. 1963), which involves a class of membership having voting and ownership rights quite similar to those at issue here. That the stockholding members of the Club regarded this an important privilege to possess is at least partially reflected in the differential between the $20 payment made by members who could not vote and the $200 which taxpayer paid for his share of stock.

■ Finally, the taxpayer insists that in fact a separate class was not created because the district judge purportedly found as a fact that, notwithstanding the proscription of the Club's constitution and by-laws, nonstockholders had been allowed to vote. If the judge had made such a finding, we probably would be required to accept it as not clearly erroneous in view of taxpayer's

testimony to that effect. F.R.Civ.P. 52(a). A careful reading of the court's opinion, however, reveals that the judge did not so find. To the contrary, although no specific finding was made on this issue, the two occasions on which the opinion touches the issue both demonstrate that the judge decided that the stockholders did indeed hold exclusive voting rights. In the first instance, the judge stated that "the evidence shows that the plaintiff could have become a member of this club without acquiring any stock in the club and *without his consequent voice in the management of the club*." (emphasis added). This statement clearly implies that members who did not hold stock would not, for that reason, have a voting voice in the Club's management. In the second instance, the judge again noted the existence of voting rights possessed by stockholders but held that such rights accrued to a Charter-Resident member "as a stockholder in the corporation, not as a member of the club." But an initiation fee includes any *payment* which is requisite to membership, whether evidenced by a share of stock and irrespective of to whom paid. Sec. 4242(b). It is, therefore, immaterial to the imposition of the tax that a member might obtain certain rights in the corporation by purchasing stock if it is also true that being a stockholder is a condition precedent to attaining club membership. Since we find that the purchase of stock in this case was such a condition precedent, the amount paid for the stock is taxable as an initiation fee.

■ As to the limitations defense, the Club filed an excise tax return for the period in question but did not report therein as an initiation fee the taxpayer's purchase of stock. The government contends that this constitutes a failure to file a return within the meaning of Sec. 6501(c) (3) and that the tax there-

---

6. Accord, Dudley v. United States, 314 F. 2d 805, 161 Ct.Cl. 113 (1963).

7. Compare United States v. Booth, 370 F. 2d 202 (5th Cir. 1966), which is not con-

trolling here. The debentures involved in that case were purchased by persons who were already members and apparently did not increase a member's privileges.

fore may be assessed at any time. This position must be sustained, as recently held in Rausaw v. United States, 253 F.Supp. 528 (S.D.Tex.1966), aff'd per curiam, 376 F.2d 154 (May 4, 1967).

The judgment is reversed.