399 F.2d 881
 Murphy G. MILLER, Jr., Plaintiff-Appellant and Cross-Appellee,
v.
UNITED STATES of America, Defendant-Appellee and Cross-Appellant.
W. S. SOSNA, Plaintiff-Appellant and Cross-Appellee,
v.
UNITED STATES of America, Defendant Appellee and Cross-Appellant.
David M. GARRISON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Jack COMER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
T. L. GANN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
David G. BROWN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Ruby KENNER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 17921-17929.
 United States Court of Appeals Sixth Circuit.
 September 6, 1968.
 
 William E. Badgett, Knoxville, Tenn., for appellants.
 Marco S. Sonnenschein, Atty., Tax Division, Dept. of Justice, Washington, D. C., for the United States; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Knoxville, Tenn., on brief.
 Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 McCREE, Circuit Judge.
 
 
 1
 Taxpayers brought suit in the District Court seeking refunds of excise taxes which they allege were unlawfully assessed upon certain club membership fees. The Government counterclaimed for additional excise taxes, contending such taxes were due under sections 4241 and 4242 of the Internal Revenue Code of 1954[1] because of the alleged payment by taxpayers of club initiation fees. It was conceded that the original assessment was incompatible with the counterclaims, and that the theory of assessment contained in the counterclaims was the applicable one. The suits were consolidated, and the District Court ruled in the Government's favor in the cases of taxpayers, Garrison, Comer, Gann, Brown and Kenner. In the cases of taxpayers Miller and Sosna, the court held that the Government was entitled to a lesser amount than that sought in the counterclaims. All taxpayers appealed and the Government also appealed in the cases of Miller and Sosna.
 
 
 2
 Taxpayers are members of the Deane Hill Country Club in Knoxville, Tennessee. A resolution of the corporation provided that a person owning five or more shares of stock in the club would be exempt from the initiation fee paid by a golfing member, and there was testimony to show that such stockholders were also relieved of the obligation of paying dues. Taxpayers Garrison, Comer, Brown, and Kenner each purchased at least five shares of stock (at $100 per share) and did not pay dues after the purchase. Taxpayers Miller, Sosna, and Gann each acquired at least one $1000 bond of the corporation in 1955. These bonds provided that the bondholder would be exempt from the payment of dues until the bonds were redeemed. In 1959, it was decided that a purchase of $3000 in bonds would thenceforth be necessary if the bondholder were to enjoy club privileges without the payment of dues. Upon the redemption of their $1000 bonds in 1960, Miller and Sosna each purchased $3000 in bonds.
 
 
 3
 The Government contended in its counterclaims that the $500 paid by each of the taxpayers, Garrison, Comer, Brown, and Kenner, the $1000 paid by each of the taxpayers, Gann, Miller and Sosna, and the additional $3000 paid by each of the taxpayers, Miller and Sosna, constituted initiation fees under section 4242(b) of the Code:
 
 
 4
 (b) Initiation Fees. — As used in this part the term "initiation fees" includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed or loaned.
 
 
 5
 It was the contention of the Government that the quoted provision referred not merely to payments made for the purpose of general membership in a club, but also to payments made for the purpose of entering a particular class of membership. While agreeing substantially with the Government's contentions, the District Court was of the opinion that the additional $3000 paid by Miller and Sosna was not required as a condition precedent to joining a particular membership class, but had instead been paid so that the named taxpayers could remain in the membership class which they had already entered by purchasing $1000 bonds in previous years. Hence, the court approved the levying of the 20% excise tax imposed by section 4241(a) on all amounts other than the additional bond purchases by Miller and Sosna.
 
 
 6
 Taxpayers contend that the payments upon which the tax was levied were not initiation fees because they were not conditions precedent to membership in the country club, and that, even if these payments were initiation fees, the tax could only be assessed upon the amount of $100 (the regular club initiation fee) rather than upon the actual amounts paid for the stock and bonds. Furthermore, taxpayers contend that since the taxes sought by the Government came due more than three years prior to the filing of the Government's counterclaims in 1966, the Government's claims are barred by the statute of limitations contained in section 6501(a) of the Internal Revenue Code of 1954.
 
 
 7
 We hold, as we have on previous occasions, that a payment which is a condition precedent to entering a particular class of membership falls within the statutory definition of an initiation fee. McDonald v. United States, 315 F. 2d 796 (6th Cir. 1963); Hulette v. United States, 315 F.2d 826 (6th Cir. 1963). Taxpayers rely on United States v. Riverlake Country Club, 306 F.2d 564 (5th Cir.1962) to support their contention that the excise tax can be assessed only upon the amount of the regular initiation fee, and not upon the amount paid for the stock or bonds. The Fifth Circuit pointed out in United States v. Bailey, 383 F.2d 9 (5th Cir.1967), however, that Riverlake involved a situation where bondholders acquired privileges not substantially different from those of members who had paid the regular initiation fee and hence did not comprise a different membership class. The stockholders in Bailey received voting rights not possessed by ordinary members, and the court therefore approved the levying of the tax on the amounts paid for stock. In the instant case, stockholders and bondholders were relieved of the obligation to pay dues. Hence, they entered a different class of membership from that of members who paid the regular initiation fee, and they are properly taxable on their payments for stock or bonds.
 
 
 8
 With regard to the statute of limitations, we held in McDonald, supra, that the failure to report a payment upon which an excise tax is due constitutes a failure to file a return, and that the tax may therefore be assessed at any time. Section 3312(b) of the Internal Revenue Code of 1939, upon which we relied in McDonald, finds a counterpart in section 6501(c) (3) of the 1954 Code applicable here. Taxpayers observe that sections 6501(b) (4) and 6501(e) (3) of the 1954 Code, added in 1965, appear to be designed to modify the harsh consequences which have resulted from failing to include items subject to the excise tax in a composite return.[2] As the Government observes, however, these sections apply only to returns filed on or after July 1, 1965. Accordingly, the claims of the Government in the instant case are not barred by the statute of limitations.
 
 
 9
 The Government contends that Miller and Sosna entered a new class of membership upon purchasing $3000 bonds because a holder of a $3000 bond was guaranteed that his bond would not be redeemed for six years (and he would therefore be free of the obligation to pay dues for that period), whereas a holder of a $1000 bond was guaranteed a period of only two years during which his bond could not be redeemed. We decline to accept the proposition that every difference in benefits, even one so speculative as the possibility that one club member might be free of the obligation to pay dues for a longer period than another, gives rise to a new membership class. Under the circumstances of this case, we agree with the District Court that the additional amounts paid by Miller and Sosna were preconditions of their remaining in a class of membership, rather than a requirement for joining a new class.
 
 
 10
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 These sections have since been repealed
 
 
 [2]
 Section 6501(b) (4):
 Return of excise taxes. — For purposes of this section, the filing of a return for a specified period on which an entry has been made with respect to a tax imposed under a provision of subtitle D (including a return on which an entry has been made showing no liability for such tax for such period) shall constitute the filing of a return of all amounts of such tax which, if properly paid, would be required to be reported on such return for such period.
 Section 6501(e) (3):
 Excise taxes. — In the case of a return of a tax imposed under a provision of subtitle D, if the return omits an amount of such tax properly includible thereon which exceeds 25 percent of the amount of such tax reported thereon, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return is filed.